**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ranjeet SINGH, Defendant—Appellant.**

No. 07–30421.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 4, 2008.*

Filed Sept. 29, 2008.

Betsy Horsman, USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Chad Wright, Esq., Helena, MT, Defendant–Appellant.

Before: PREGERSON, CANBY, and NOONAN, Circuit Judges.

MEMORANDUM **

Ranjeet Singh appeals his convictions for, among other things, fraud and identity theft in violation of 18 U.S.C. §§ 1546(a) and 3238, 18 U.S.C. § 1028A(a)(1) and

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(c)(7), and 18 U.S.C. § 1028(a)(5) and (d)(1–4). He argues that the search of his laptop computer at the border violated the Fourth Amendment because it lacked reasonable suspicion. He further argues that evidence is not sufficient to support his convictions under counts I and III. We affirm.

 The parties are familiar with the facts. We address the law. Singh's argument that the border officer needed reasonable suspicion to search his laptop computer is squarely foreclosed by *United States v. Arnold*, 533 F.3d 1003 (9th Cir. 2008). There, we held that searches of the defendant's computer hard drive at the border, like searches of other property, did not require reasonable suspicion under the Fourth Amendment. *Arnold* aside, the government had reasonable suspicion to search Singh's computer. The search of his vehicle, which he does not appeal, yielded materials that caused the border officers to suspect that Singh might be involved in on-going fraud relating to immigration documents facilitated by his use of the computer.

Evidence is sufficient to support Singh's convictions under counts I and III. Viewed "in the light most favorable to the prosecution, any rational trier of fact could have found" beyond a reasonable doubt that Singh knowingly created fraudulent resident alien cards in violation of 18 U.S.C. § 1546(a) and knowingly possessed a document-making implement or authentication feature with the intent to use the implement to make false identification documents in violation of 18 U.S.C. § 1028(a)(5). *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002). Singh's convictions are therefore AFFIRMED.